# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>**MATTHEW STUCKE,**<br><br>Debtor. | CASE NO.  23-51696-BEM<br><br>CHAPTER 7 |

### DEBTOR'S RESPONSE TO RAYMOND JAMES' MOTION TO EXTEND TIME AND CORRECT DOCKET ENTRY

COMES NOW, Matthew Stucke ("Debtor") and files this response to Raymond James' Motion to Amend Docket to Correct Incorrect pdf [Docket No. 41] and Motion to Further Extend Deadlines to File Complaint Objecting to Dischargeability of Debt Under 11 U.S.C. § 523 and Discharge Under 11 U.S.C. § 727 [Docket No. 39].

## Introduction

Raymond James has filed a motion requesting the Court to fix its own "clerical error" by replacing an inadvertently uploaded Georgia Court of Appeals pleading at Docket No. 38 with a late-filed motion to extend time to file a complaint under Sections 523 and 727 of the Bankruptcy Code [Docket No. 39]. The relief Raymond James is seeking not supported by the facts or the law. As argued in this brief, the Court has limited discretion to grant a late-filed extension of time under Bankruptcy Rules 4004 and 4007, and though there are four limited circumstances in the 11th Circuit that may allow a court to grant a late-filed extension, the one regarding a "clerical error" must be made by the clerk's office, not the plaintiff seeking an extension of time. Raymond James' motion to correct docket entry is an attempt to circumvent Bankruptcy Rules 4004 and 4007 and is not permitted. The relief Raymond James is seeking is effectively based on an "excusable neglect" – a standard that Bankruptcy Rule 9006(b)(3) explicitly excepts Rule 4007 and 4004 from.

1

## Argument

**The Court has no discretion to grant a late-filed extension of time to file a discharge or dischargeability complaint.**

Federal Rule of Bankruptcy Procedure 4004(a) provides that "[i]n a chapter 7 case, a complaint ... objecting to the debtor's discharge shall be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(b)(1) provides that the court "may" extend the deadline for cause "[o]n motion of any party in interest." *In re Markowitz*, No. 14-68061-BEM, 2015 Bankr. LEXIS 1604, at *4 (Bankr. N.D. Ga. Apr. 28, 2015). Federal R. Bankr. P. 4004(b)(1) provides that the "motion shall be filed before the time has expired." "Additionally, Rule 4007(c) does not permit extensions, if sought after the expiration of this time frame, id., and the Court is only authorized to extend it as prescribed within the Rule. See Fed. R. Bankr. P. 9006(b)(3). *United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251, 255 (Bankr. N.D. Ga. 2013).

In this case, the deadline to file an extension of time to object to either debtor's discharge or the dischargeability of a debt expired on August 14, 2023. Raymond James admittedly filed a pleading on August 14, 2023 at 22:33:09 hours that in no way relates to the instant case. Rather, the pleading relates to an entirely different case pending in the Georgia Court of Appeals. Raymond James has now asked the Court to substitute its originally filed pleading with its late-filed motion to extend time filed on August 15, 2023. As this Court and the 11th Circuit have held, this Court has limited discretion to extend the deadlines in 4004 and 4007 of the Bankruptcy Rules. The arguments made by Raymond James are equitable in nature, and the Eleventh Circuit Court of Appeals has rejected equitable exceptions to the deadlines contained in 4004(a) and (b).

2

This Court has already analyzed the issue of its lack of discretion and the inapplicability of an excusable neglect standard to 523 and 727 deadlines in *In re Markowitz*, 2015 Bankr. LEXIS 1604, at *4 (Bankr. N.D. Ga. Apr. 28, 2015). The Court, in recognizing the binding precedent from the 11th Circuit, provided as follows:

> In *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir. 1988), an unlisted creditor filed an untimely motion to extend the time to file a complaint to determine the dischargeability of a debt. *Id.* at 458. The creditor received actual notice of the bankruptcy filing but did not receive notice of the deadline for filing dischargeability complaints. *Id*. The court rejected the creditor's equitable arguments for the extension while acknowledging that it was "troubled" by the debtor's conduct toward the creditor. *Id.* The court stated that "[d]espite the misleading actions, inadvertent or intentional, of debtor Alton, the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim." *Id*. at 459. *In re Markowitz*, 2015 Bankr. LEXIS 1604, at *4 (Bankr. N.D. Ga. Apr. 28, 2015).

> As this Court noted in *Markowitz*, the Eleventh Circuit later affirmed the continuing viability of *Alton* and the breadth of its authority, stating that "Alton is still good law for the general rule that the bankruptcy court has no discretion to grant a late-filed motion to extend time to file a dischargeability complaint, at least where the debtor has properly raised untimeliness as an issue." *Stuart v. Mendenhall (In re Mendenhall)*, 572 Fed. Appx. 858, 862 n.2 (11th Cir. 2014) (unpublished). *In re Markowitz*, 2015 Bankr. LEXIS 1604, at *7 (Bankr. N.D. Ga. Apr. 28, 2015).

> This Court also cited to a Judge Drake opinion involving a technical error from 2013.

> In *United Community Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr. N.D. Ga. 2013), Judge Drake held that in more extraordinary and limited circumstances, bankruptcy

3

courts in this district may be able to apply equity to allow untimely motions to extend deadlines to object under Sections 523 and 727 of the Bankruptcy Code. Judge Drake grouped those limited circumstances into four categories: (1) the creditor "was prevented from making a timely filing due to extraordinary circumstances beyond its control"; (2) the creditor missed the deadline as a result of "the debtor's conscious culpability"; (3) the late filing was due to an affirmative error by the clerk's office, such as issuing an incorrect deadline; and (4) the creditor failed to receive actual notice of the bankruptcy filing prior to expiration of the deadline. *Id.* at 258-59. *In re Markowitz*, No. 14-68061-BEM, 2015 Bankr. LEXIS 1604, at *7-8 (Bankr. N.D. Ga. Apr. 28, 2015).

It is undisputed that none of the four limited circumstances delineated in the *Harper* opinion are present here. As frustrating as technical issues can be, they do not fit into any of the categories of exceptions laid out in *Harper*.

In fact, the *Harper* decision, like the instant case, involved a technical "computer" issue where the "very capable" paralegal for the law firm representing United Community Bank attempted to file the complaint objecting to debtor's discharge at 11:45 P.M. the day of the deadline. *Harper* at 254. Unfortunately, the paralegal ran into computer problems resulting in the .pdf failing to attach and upload through ECF. Effectively, the Plaintiff's computers "froze", requiring the paralegal to repeat the process. After multiple technical issues, the paralegal finally filed the complaint that was time stamped 12:02:44 – less than 3 minutes late. Ultimately, the Court recognized the severity of its ruling, but due to binding 11th Circuit precedent, dismissed the complaint as untimely filed regardless of the technical problems Plaintiff suffered.

Here, Raymond James filed a document that in no way relates to the instant case due to some type of computer error or user error. Regardless of whether it was a technical issue with counsel's computer or an inadvertent mistake, the fault does not lie with the CM/ECF system that would fit within the exceptions delineated in *Harper*. In the *Harper* case, there was no mistake made by either the Plaintiff or the clerk other than waiting until a late hour to begin the filing process. *Id.* at 260. Here, the incorrect .pdf was filed about an hour and a half prior to the deadline

4

passing, and the choice and consequences of waiting until that point and not double-checking the document must, pursuant to binding 11th Circuit precedent and the decisions of other courts in this district, fall on the Plaintiff. *See also In re Faillace*, No. A04-93282-PWB, 2004 Bankr. LEXIS 2693 (Bankr. N.D. Ga. Sep. 17, 2004) (holding that the rules regarding an extension of time are strictly applied, and excusable neglect was not available where the law firm's courier did not arrive to file a paper copy with the clerk's office before closing time on the day the discharge complaint was due).

Plaintiff asks this Court to follow an unpublished opinion in *Wright v. Pierce County*, 2013 U.S. Dist. LEXIS 99993 (W.D. Wash. July 17, 2013) in which the district court in a non-bankruptcy case allowed an incorrectly uploaded proposed amended complaint to be substituted with the correct version. Seeking leave to amend under Rule 15 is far different than seeking an extension of time under Bankruptcy Rules 4004 and 4007. There is nothing analogous in the *Wright* case to the instant case other than an incorrectly filed document, and even in that case, the document was an exhibit to a motion to amend complaint filed under F.R.C.P. 15 that has no bearing on this case.

Raymond James also cites to *Kvassay v. Kvassay (In re Kvassay)*, 652 Fed. Appx. 549 (9th Cir. June 15, 2016) in support of its position that the Court should grant its extension of time. Again, this case addresses an entirely different issue than the one before this Court. It is not coincidental that Raymond James does not cite a single case related to 4004 or 4007 or the timeliness of filing discharge or dischargeability complaints. That is because there is not a single case that supports its position. In *Kvassay*, the family trust that filed a motion to dismiss against a Chapter 7 debtor's complaint used an incorrect filing code and was instructed by the clerk's office to resubmit the *exact same document* using a different event code. *Id.* at *9-11 (emphasis added).

5

There is nothing remotely similar to the instant case other than the fact that electronic filing was involved, which has been a requirement for attorneys in this district for over 15 years. The Court held that "in the interest of justice" it would allow an exhibit to a motion to amend a complaint to be substituted under F.R.C.P. 15 that is not applicable to this case.

Raymond James also asserts that it served the correct document on August 14, 2023. Unfortunately for Raymond James, the postage stamped letter received by Mr. Stucke is post-marked August 16, 2023, two days after the deadline, meaning that the motion was not placed with the post office until two days after the deadline. A true and correct photograph of the postage stamped envelope is attached hereto as Exhibit "A". Even if it was mailed out timely, the motion has to actually be filed with the Court by the deadline under Rule 4004.

For these reasons, Mr. Stucke respectfully requests this Court to deny Raymond James' motion for an extension of time to file a discharge or dischargeability complaint under either 11 U.S.C. §§ 523 or 727 and its motion to correct docket entry and grant any other relief it deems just and appropriate.

Dated:  September 7, 2023

/s/ Will B. Geer
Will B. Geer
Georgia Bar No. 940493
Century I Plaza
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: (404) 584-1238
wgeer@rlkglaw.com

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing through the Court's CM/ECF system, which will provide electronic notice to the following parties:

- **Heather D. Brown**  heather@hdbrownlaw.com
- **Will B. Geer**  wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;geer.willb117921@notify.bestcase.com;emiller@rlkglaw.com;swenger@rlkglaw.com
- **Neil C. Gordon**  aford@taylorenglish.com, pbicknell@taylorenglish.com
- **Matthew B. Hale**  mhale.ecf@srbp.com
- **S. Gregory Hays**  ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com
- **Lindsay P. S. Kolba**  lindsay.p.kolba@usdoj.gov
- **Office of the United States Trustee**  ustpregion21.at.ecf@usdoj.gov
- **Caitlyn Powers**  cpowers@rlkglaw.com, swenger@rlkglaw.com;emiller@rlkglaw.com;csmith@rlkglaw.com;6717577420@filings.docketbird.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com

Dated: September 7, 2023

/s/ Will Geer
Will Geer
Attorney for the Debtor

EXHIBIT A

Case 23-51696-bem    Doc 42    Filed 09/07/23    Entered 09/07/23 19:15:13    Desc Main
Document    Page 8 of 9

