UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**MATTHEW STUCKE,**<br><br>Debtor.<br><br>―――――――――――――――<br><br>Matthew Stucke,<br><br>Movant,<br><br>v.<br><br>Cambridge Investment Research, Inc.,<br><br>Respondent. | Chapter 7<br><br>Case No. 23-51696-bem<br><br><br><br>**CONTESTED MATTER** |

**MOTION FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION**

Debtor Matthew Stucke ("**Mr. Stucke**") hereby files this motion for contempt for a violation of the discharge injunction against Cambridge Investment Research, Inc. ("**Cambridge**"). In support thereof, Mr. Stucke respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2) This is a core proceeding under 28 U.S.C. § 157(b)(2).

3) Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4) The basis for relief requested here are sections 105(a) and 524(a)(2) of the Bankruptcy Code and Bankruptcy Rules 9014 and 9020.

**PARTIES**

1

6. Matthew Stucke is an individual who filed for Chapter 7 bankruptcy protection in the Northern District of Georgia on February 21, 2023 (the "**Petition Date**") and received a discharge on April 26, 2024 [Docket No. 65].

7. Cambridge is an Iowa-based corporation that participated in Mr. Stucke's case by filing a proof of claim.

## FACTUAL ALLEGATIONS

8. On or about May 18, 2020, Mr. Stucke entered into a "Relationship Agreement" (the "**Agreement**") with Cambridge which included an indemnity clause allegedly obligating Mr. Stucke to defend and indemnify Cambridge for expenses arising out of or related to his relationship with Cambridge.

9. Cambridge is a SEC registered Broker/Dealer that Mr. Stucke was affiliated with for a period of time pre-petition. Mr. Stucke was an investment advisor representative of Cambridge pursuant to the Agreement.

10. On February 21, 2023, Mr. Stucke filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia.

11. Cambridge was included as a creditor or potential claimant in Mr. Stucke's bankruptcy schedules and received proper notice of the bankruptcy filing.

12. In fact, Cambridge filed a proof of claim in Mr. Stucke's bankruptcy case on July 5, 2023.

13. On April 26, 2024, Mr. Stucke received a discharge under 11 U.S.C. § 727.

14. Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

2

15. The indemnity obligation under the Agreement is a contingent claim that arose pre-petition and was discharged in Mr. Stucke's bankruptcy. See 11 U.S.C. § 101(5) (defining "claim" to include contingent claims).

16. Despite the discharge injunction, on or about March 7, 2025, Cambridge sent Mr. Stucke AND his current Broker/Dealer's chief legal counsel a written demand letter seeking payment of approximately $1,627,639.50 (the "**Demand Letter**") in damages purportedly arising from the indemnity clause in the pre-petition Agreement. A true and correct copy of the Demand Letter is attached hereto as Exhibit "A".

17. Cambridge's demand constitutes an unlawful attempt to collect a discharged debt and is a willful violation of the discharge injunction under 11 U.S.C. § 524(a)(2).

18. Cambridge knew or should have known that the indemnity obligation had been discharged in bankruptcy, yet it nevertheless attempted to collect the debt from Mr. Stucke.

19. Debtor's counsel reached out to Cambridge's in-house counsel, Ms. Emily Azzarito, prior to filing this Complaint, to discuss the Demand Letter.

20. Cambridge' counsel reiterated on the phone call with Debtor's counsel that Cambridge was aware that Mr. Stucke had received his discharge and asserted that because their damages did not occur until after the bankruptcy case was filed, it was a "grey area" as to whether they could continue to collect against Mr. Stucke.

21. Cambridge's counsel acknowledged that Cambridge participated in the Chapter 7 case by filing a proof of claim and acknowledged that the Agreement was a pre-petition agreement.

**RELIEF REQUESTED**
**(Violation of 11 U.S.C. § 524(a)(2) – Discharge Injunction)**

21. By this Motion, the Debtor requests entry of an Order: (i) holding Cambridge in civil contempt for actions taken to date that have violated the discharge injunction with full knowledge thereof and (ii) assessing appropriate compensatory and punitive sanctions for this civil contempt, including, but not limited to, the Debtor's damages resulting from Cambridge's violation of the automatic stay and the costs and attorneys' fees associated with bringing this Motion.

## BASIS FOR RELIEF

22. Under Bankruptcy Code section 524(a)(2), a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action" to collect a discharged debt. *See In re Roth*, 935 F.3d 1270, 1275 (11th Cir. 2019). "Congress intended the discharge injunction 'to eliminate any doubt concerning the effect of the discharge as a total prohibition of debt collection efforts' and to ensure that 'once a debt is discharged, the debtor will not be pressured in any way to repay it.'" *See In re Anderson*, 641 B.R. 1, 43 (Bankr. S.D.N.Y. 2022) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 80-81 (1978); H.R. Rep. No. 595, 95th Cong., 1st Sess. 365-66 (1977)).

23. The discharge injunction under 11 U.S.C. § 524(a)(2) prohibits any attempt to collect a discharged debt. Cambridge's post-discharge Demand Letter was an intentional and willful act to collect a debt that was discharged in Mr. Stucke's Chapter 7 bankruptcy.

24. Cambridge's violation of the discharge injunction was willful because Cambridge knew or should have known of the discharge order and intentionally attempted to collect a discharged debt despite this knowledge.

4

25. As a direct and proximate result of Cambridge's willful violation of the discharge injunction, Mr. Stucke has suffered damages, including but not limited to emotional distress, legal expenses, and other actual damages.

26. The Court has the authority under 11 U.S.C. § 105(a) to enforce the discharge injunction and impose sanctions for Cambridge's willful noncompliance. Bankruptcy courts enforce the discharge injunction through their statutory contempt powers granted under Bankruptcy Code section 105(a), which provides that "the bankruptcy court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].'" *See Roth*, 935 F.3d at 1275.

27. The Supreme Court in *Taggert v. Lorenzen*, 587 U.S. 554 (2019) held that "a court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *See Taggart v. Lorenzen*, 587 U.S. 554, 557, 139 S. Ct. 1795, 1799 (2019).

28. Here, there is no objectively reasonable basis for concluding that Cambridge's actions were lawful. The Demand Letter provides that Cambridge is attempting to collect on an obligation that arose based on a pre-petition Agreement involving an indemnity clause.

29. An indemnity clause is a type of contingent claim under 11 U.S.C. sec. 105(5)(A) that is a pre-petition obligation subject to the Debtor's discharge order, and there is no reasonable, objective belief that the indemnity obligation entered into in 2020 was not discharged. *See Riverwood Int'l Corp. v. Olin Corp. (In re Manville Forest Prods. Corp.)*, 225 B.R. 862, 867 (Bankr. S.D.N.Y. 1998)(providing that obligations arising from pre-petition indemnity

5

agreements are pre-petition claims)(*citing Houbigant, Inc. (ACB Mercantile, Inc. v. Houbigant, Inc.)*, 188 B.R. 347, 358 (Bankr. S.D.N.Y. 1995); *In re New York Rock Trap Corp.*, 137 B.R. 568, 573 (Bankr. S.D.N.Y.1992); *In re Chateaugay Corp.*, 102 B.R. 335, 352 (Bankr. S.D.N.Y. 1989) ("Chateaugay"). *See also Hemingway Transport, Inc. (Woburn Assocs. v. Kahn),* 954 F.2d 1 (1st Cir. 1992); *In re THC Fin. Corp.*, 686 F.2d 799 (9th Cir. 1982)); *see also Ogle v. Fid. & Deposit Co. of Md.*, 586 F.3d 143 (2nd Cir. 2009) (bond issuer could assert claim in bankruptcy for post-petition attorneys' fees incurred in post-petition litigation against the debtor based on pre-petition indemnification provision)(*cited* by *Moy*, 2017 Bankr. LEXIS 132, *11).

30. In bankruptcy "the term 'claim' is broad enough to encompass an unliquidated, contingent right to payment under a prepetition indemnification agreement executed by the debtor, even though the triggering contingency does not occur until after the filing of the petition under the Bankruptcy Code." *In re Moy*, No. 12-B-81963, 2017 Bankr. LEXIS 132, at *11 (Bankr. N.D. Ill. Jan. 13, 2017) (*citing Hemingway Transp.*, 954 F.2d at 8).

WHEREFORE, the Debtor respectfully requests that the Court (i) hold Cambridge in civil contempt for actions taken to date that have violated the discharge injunction with full knowledge thereof and (ii) assessing appropriate compensatory and punitive sanctions for this civil contempt, including, but not limited to, the Debtor's damages resulting from Cambridge's violation of the discharge injunction, the costs and attorneys' fees associated with bringing this Motion, and emotional distress damages, and (iii) grant such other and further relief as may be just and proper.

**Dated:** March 10, 2025.

**Respectfully submitted,**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Attorneys for Debtor*