UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-51696-BEM |
| | : | |
| MATTHEW RYAN STUCKE, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | CHIEF JUDGE ELLIS-MONRO |
| | : | |

**MOTION FOR AN ORDER
APPROVING COMPROMISE AND SETTLEMENT
BETWEEN TRUSTEE AND AMERICAN EXPRESS UNDER
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Matthew Ryan Stucke ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for an Order Approving Compromise and Settlement Between Trustee and American Express Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"), between Trustee and American Express ("**AMEX**," and together with Trustee, the "**Parties**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**I. JURISDICTION**

1.  This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules

1

02966728-1

of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. BACKGROUND

### *a. General Background*

2.  Debtor filed a voluntary petition (the "**Petition**") under Chapter 7 of Title 11 of the U.S. Code on February 21, 2023 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 23-51696-BEM (the "**Bankruptcy Case**").

3.  Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 Trustee on the February 22, 2023 [Doc. No. 5], pursuant to 11 U.S.C. § 701(a)(1).

4.  Debtor filed under penalty of perjury his *Statement of Financial Affairs* (the "**Sworn Statements**"), *Schedules A through J* (the "**Sworn Schedules**"), and other *Bankruptcy Papers* [Doc. No. 11] on May 7, 2023.

5.  The original meeting of creditors was conducted virtually (via Zoom) and concluded on March 28, 2023, in accordance with 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 Trustee pursuant to 11 U.S.C. § 702(d).

6.  Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 31] on July 24, 2023, and the Court entered an *Order* [Doc. No. 33] on July 27, 2023, appointing Taylor English Duma LLP as attorneys for the Trustee.

7.  The duties of Trustee include an obligation to "collect and reduce to money the property of the Bankruptcy Estate...." 11 U.S.C. § 704(a)(1).

### *b. The Property*

8. Pursuant to the Sworn Schedules, *Schedule A/B: Property* [Doc. No. 11, page 3 of 51], Debtor scheduled his ownership interest in that certain real property known generally as 12902 Donegal Lane, Milton, Fulton County, Georgia (the "**Property**"), which thereby became property of the Bankruptcy Estate on the Petition Date.

9. Pursuant to the Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 11, page 11 of 51], Debtor scheduled two (2) claims on or against the Property: (a) a mortgage in the amount of $330,000.00 and (b) a mortgage in the amount of $751,038.00.

### *c. The Refinancing*

10. Pursuant the Sworn Statements, *Part 3: List Certain Payments Made Before You Filed for Bankruptcy*, as amended on March 27, 2023 [Doc. No. 14, pages 31-33], Debtor listed multiple substantial preferential transfers resulting from the Refinancing which appeared to be avoidable by Trustee pursuant to 11 U.S. Code § 547.

11. Pursuant to the *Closing Disclosure* (the "**Closing Statement**") dated December 22, 2022 (the "**Closing**" or "**Closing Date**"), Debtor obtained a mortgage refinancing on the Property (the "**Refinancing**") on the Closing Date.

### *d. The Transfers*

12. The Closing Statement reflects several "Payoffs and Payments" made to certain creditors of Debtor at Closing, which included AMEX (the "**Transfers**").

3

02966728-1

13. The Transfers to AMEX were made on behalf of Debtor at and from the Refinancing that were otherwise payable to Debtor by The Uptown Law Firm issued from The Uptown Law Firm GA IOLTA Account (the "**GA IOLTA**"):

| Transfer No. | Issue Date | GA IOLTA Check No. | Defendant Payee | Amount | Memo |
|---|---|---|---|---|---|
| | | | | | |
| Transfer No. 1 | 12/28/2022 | 034643 | AMEX | $14,778.00 | Creditor Payoff |
| Transfer No. 2 | 12/28/2022 | 034641 | AMEX | $24,028.00 | Creditor Payoff |

14. Each of the Transfers represented payments not made in the ordinary course of business, as prescribed by 11 U.S.C. § 547(c)(2).

### d. The Adversary Proceeding (Lawsuit)

15. On February 19, 2025, Trustee filed the *Complaint* [Doc. No. 74] (the "**Complaint**") against AMEX, and others, initiating Adversary Proceeding Case No. 25-05032-BEM (the **Lawsuit**"), asserting that each of the Transfers was (a) made to or for the benefit of AMEX; (b) was on account of an antecedent debt owed by Debtor before such transfer was made; (c) was made within ninety (90) days of the Petition Date; (d) was made while the Debtor was actually insolvent; (d) enabled AMEX to receive more than AMEX would have received if (i) the Bankruptcy Case were a case under chapter 7 of Title 11 U.S. Code, (ii) had not been made, and (iii) AMEX received payment of such debt to the extent provided by the provisions of Title 11 U.S. Code (collectively, "**Trustee's Claims**").

16. In the Lawsuit, Trustee sought avoidance of the Transfers as preferential transfers under 11 U.S.C. § 547; (b) recovery of the avoided Transfers under 11 U.S.C. § 550; (c) preservation of the avoided Transfers under 11 U.S.C. § 551, and for turnover of

02966728-1

the amount of the avoided Transfers under 11 U.S.C. § 542.

17. AMEX disputed Trustee's Claims.

18. AMEX filed (a) proof of claim (Claim No. 10) as non-priority unsecured in the amount of $8,2477.77 on May 1, 2023, and (b) a proof of claim (Claim No. 12) as non-priority unsecured in the amount of $9,654.70 on May 8, 2023 (together "**AMEX Claims**").

### III. THE COMPROMISE AND SETTLEMENT

19. Subject to bankruptcy court approval, the Parties now mutually agree to resolve all of Trustee's Claims asserted against AMEX in the Complaint and subject to Bankruptcy Court approval, the Parties now mutually agree to the following: (a) a monetary settlement in the amount of $32,500.00 (the "**Settlement Amount**"), which AMEX will remit to the Trustee on behalf of the Bankruptcy Estate; (b) AMEX will (i) be allowed to retain the AMEX Claims, and (ii) have the right to file a proof of claim under 11 U.S.C. § 502(h) for $32,500.00 (the "**502(h) Claim**").

20. Trustee attaches a copy of the *Joint Stipulation and Settlement Agreement* between Trustee and AMEX (the "**Settlement Agreement**") as Exhibit "A." Significant terms of the Settlement Agreement are as follows:[1]

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

5

02966728-1

(a) Upon execution of the Settlement Agreement, Trustee agrees to accept from AMEX, and AMEX agrees to pay to Trustee, the Settlement Amount of THIRTY-TWO THOUSAND FIVE HUNDRED AND NO/100S DOLLARS ($32,500.00) in resolution of all of Trustee's Claims asserted against AMEX in the Complaint in the following manner:

(i) On or before May 15, 2025, AMEX shall remit or cause to be remitted to Trustee on behalf of the Bankruptcy Estate the full Settlement Amount of THIRTY-TWO THOUSAND FIVE HUNDRED AND NO/100S DOLLARS ($32,500.00); and

(ii) The Settlement Amount must be in the form of a bank or cashier's check made payable to "S. Gregory Hays, Trustee (Stucke)" and delivered to Neil C. Gordon, Esq., Taylor English Duma LLP, 1600 Parkwood Circle, SE, Suite 200, Atlanta, Georgia 30339.

(b) AMEX will be allowed to (a) retain the AMEX Claims and (b) file the 502(h) Claim.

(c) Upon execution of the Settlement Agreement by each of the Parties, Trustee shall file this Settlement Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking the Bankruptcy Court's approval of this Settlement Agreement (the "**Settlement Order**").

(d) Following the Settlement Order becoming final and Trustee's receipt of the full Settlement Amount: (a) Trustee releases, acquits, and forever discharges

02966728-1

AMEX from any and all of Trustee's Claims asserted in the Complaint and all other claims and causes of action which arise out of or relate to Trustee Claims asserted in the Complaint and (b) AMEX releases, acquits, and forever discharges the Trustee from any and all claims that AMEX has or may have had against the Trustee which arise out of or relate to Trustee's Claims asserted in the Complaint except as otherwise set forth herein.

(e)   Following the Settlement Order becoming final and Trustee's receipt of the full Settlement Amount, Trustee shall file a voluntary dismissal with prejudice of the Complaint against AMEX, of any and all counts of the Complaint.

(f)   The Parties agree to take any and all actions and execute any and all documents as may be reasonably required by any of them to effect the purposes and intent of the Settlement Agreement.

## IV. RELIEF REQUESTED

21.   By this Settlement Motion, Trustee requests that the Court enter an order granting the Settlement Motion and approving the Settlement Agreement.

## V. BASIS FOR RELIEF

22.   Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th

Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a)  the probability of success in the litigation;
> (b)  the difficulties, if any, to be encountered in the matter of collection;
> (c)  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d)  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

23.  The proposed Settlement Agreement between the Parties is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues, in resolution of the Transfers, the Lawsuit, and Trustee's Assertions.

24.  Indeed, absent the Settlement Agreement, the lawsuit would have to be prosecuted, requiring extensive, time-consuming discovery, legal briefs, and an uncertain outcome, whereas, the Settlement Agreement is for almost eighty-four (84%) percent of the demand amount, and obviates the need for any further litigation and is sufficient to pay

8

02966728-1

a meaningful distribution to holders of allowed claims. Therefore, on the terms described herein, the Settlement Agreement is in the best interests of the Bankruptcy Estate.

25. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee moves the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (a) granting this Settlement Motion; (b) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (c) granting to the Parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 12 day of April, 2025.

TAYLOR ENGLISH DUMA LLP<br>
*Attorneys for Trustee*<br><br>
By: */s/ Neil C. Gordon*<br>
Neil C. Gordon<br>
Georgia Bar No. 302387<br>
Email: ngordon@taylorenglish.com

1600 Parkwood Circle, SE
Suite 200
Atlanta, Georgia 30339
Tele: (404) 640-5917

02966728-1

**EXHIBIT "A" FOLLOWS**

02822522-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-51696-BEM |
| MATTHEW RYAN STUCKE, | : | CHAPTER 7 |
| Debtor. | : | CHIEF JUDGE ELLIS-MONRO |

## JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "**Settlement Agreement**") is by and between S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Matthew Ryan Stucke ("**Debtor**") and American Express ("**AMEX**," and together with Trustee, the "**Parties**"):

WHEREAS, Debtor filed a voluntary petition (the "**Petition**") under Chapter 7 of Title 11 of the U.S. Code on February 21, 2023 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 23-51696-BEM (the "**Bankruptcy Case**"); and

WHEREAS, Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 Trustee on the February 22, 2023 [Doc. No. 5], pursuant to 11 U.S.C. § 701(a)(1); and

WHEREAS, Debtor filed under penalty of perjury his *Statement of Financial Affairs* (the "**Sworn Statements**"), *Schedules A* through *J* (the "**Sworn Schedules**"), and other *Bankruptcy Papers* [Doc. No. 11] on May 7, 2023; and

WHEREAS, the original meeting of creditors was conducted virtually (via Zoom) and concluded on March 28, 2023, in accordance with 11 U.S.C. § 341(a),

{02965029-1 }

after which time, Trustee became the permanent Chapter 7 Trustee pursuant to 11 U.S.C. § 702(d); and

WHEREAS, pursuant to the Sworn Schedules, *Schedule A/B: Property* [Doc. No. 11, page 3 of 51], Debtor scheduled his ownership interest in that certain real property known generally as 12902 Donegal Lane, Milton, Fulton County, Georgia (the "**Property**"), which thereby became property of the Bankruptcy Estate on the Petition Date; and

WHEREAS, pursuant to the Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 11, page 11 of 51], Debtor scheduled two (2) claims on or against the Property: (a) a mortgage in the amount of $330,000.00 and (b) a mortgage in the amount of $751,038.00; and

WHEREASE, Pursuant the Sworn Statements, *Part 3: List Certain Payments Made Before You Filed for Bankruptcy*, as amended on March 27, 2023 [Doc. No. 14, pages 31-33], Debtor listed multiple substantial preferential transfers resulting from the Refinancing which appeared to be avoidable by Trustee pursuant to 11 U.S. Code § 547; and

WHEREAS, pursuant to the *Closing Disclosure* (the "**Closing Statement**") dated December 22, 2022 (the "**Closing**" or "**Closing Date**"), Debtor obtained a mortgage refinancing on the Property (the "**Refinancing**") on the Closing Date; and

WHEREAS, the Closing Statement reflects several "Payoffs and Payments" made to certain creditors of Debtor at Closing, which includes AMEX (the "**Transfers**"); and

{02965029-1 }

WHEREAS, the Transfers to AMEX were made on behalf of Debtor at and from the Refinancing that were otherwise payable to Debtor by The Uptown Law Firm issued from The Uptown Law Firm GA IOLTA Account (the "**GA IOLTA**"):

| Transfer No. | Issue Date | GA IOLTA Check No. | Defendant Payee | Amount | Memo |
|---|---|---|---|---|---|
| | | | | | |
| Transfer No. 1 | 12/28/2022 | 034643 | AMEX | $14,778.00 | Creditor Payoff |
| Transfer No. 2 | 12/28/2022 | 034641 | AMEX | $24,028.00 | Creditor Payoff |

WHEREAS, each of the Transfers represents payments not made in the ordinary course of business, as prescribed by 11 U.S.C. § 547(c)(2); and

WHEREAS, on February 19, 2025, Trustee filed the *Complaint* [Doc. No. 74] (the "**Complaint**") against AMEX, and others, initiating Adversary Proceeding Case No. 25-05032-BEM (the **Lawsuit**"), asserting that each of the Transfers was (a) made to or for the benefit of AMEX; (b) was on account of an antecedent debt owed by Debtor before such transfer was made; (c) was made within ninety (90) days of the Petition Date; (d) was made while the Debtor was actually insolvent; (d) enabled AMEX to receive more than AMEX would have received if (i) the Bankruptcy Case were a case under chapter 7 of Title 11 U.S. Code, (ii) had not been made, and (iii) AMEX received payment of such debt to the extent provided by the provisions of Title 11 U.S. Code (collectively, "**Trustee's Claims**"); and

WHEREAS, in the Lawsuit, Trustee sought avoidance of the Transfers as preferential transfers under 11 U.S.C. § 547; (b) recovery of the avoided Transfers

{02965029-1 }

under 11 U.S.C. § 550; (c) preservation of the avoided Transfers under 11 U.S.C. § 551, and for turnover of the amount of the avoided Transfers under 11 U.S.C. § 542; and

WHEREAS, AMEX disputes Trustee's Claims; and

WHEREAS, AMEX filed (a) proof of claim (Claim No. 10) as non-priority unsecured in the amount of $8,2477.77 on May 1, 2023, and (b) a proof of claim (Claim No. 12) as non-priority unsecured in the amount of $9,654.70 on May 8, 2023 (together "**AMEX Claims**"); and

WHEREAS, to resolve all of Trustee's Claims asserted against AMEX in the Complaint and subject to Bankruptcy Court approval, the Parties now mutually agree to the following: (a) a monetary settlement in the amount of $32,500.00 (the "**Settlement Amount**"), which AMEX will remit to the Trustee on behalf of the Bankruptcy Estate; (b) AMEX will (i) be allowed to retain the AMEX Claims, and (ii) have the right to file a proof of claim under 11 U.S.C. § 502(h) for $32,500.00 (the "**502(h) Claim**").

NOW, THEREFORE, the Parties agree as follows:

1. Upon execution of the Settlement Agreement, Trustee agrees to accept from AMEX, and AMEX agrees to pay to Trustee, the Settlement Amount of THIRTY-TWO THOUSAND FIVE HUNDRED AND NO/100S DOLLARS ($32,500.00) in resolution of all of Trustee's Claims asserted against AMEX in the Complaint in the following manner:

{02965029-1 }

(a) On or before May 15, 2025, AMEX shall remit or cause to be remitted to Trustee on behalf of the Bankruptcy Estate the full Settlement Amount of THIRTY-TWO THOUSAND FIVE HUNDRED AND NO/100S DOLLARS ($32,500.00); and

(b) The Settlement Amount must be in the form of a bank or cashier's check made payable to "S. Gregory Hays, Trustee (Stucke)" and delivered to Neil C. Gordon, Esq., Taylor English Duma LLP, 1600 Parkwood Circle, SE, Suite 200, Atlanta, Georgia 30339.

2. AMEX will be allowed to (a) retain the AMEX Claims and (b) file the 502(h) Claim.

3. Upon execution of the Settlement Agreement, Trustee shall file a motion to approve the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Settlement Motion**"), seeking an order approving the Settlement Agreement (the "**Settlement Order**").

4. Following the Settlement Order becoming final and Trustee's receipt of the full Settlement Amount: (a) Trustee hereby releases, acquits, and forever discharges AMEX from any and all of Trustee's Claims asserted in the Complaint and all other claims and causes of action which arise out of or relate to Trustee Claims asserted in the Complaint and (b) AMEX hereby releases, acquit, and forever discharge the Trustee from any and all claims that AMEX has or may have had against the Trustee which arise out of or relate to Trustee's Claims asserted in the Complaint except as otherwise set forth herein.

{02965029-1 }

5. Following the Settlement Order becoming final and Trustee's receipt of the full Settlement Amount, Trustee shall file a voluntary dismissal with prejudice of the Complaint against AMEX, of any and all counts of the Complaint.

6. The Parties agree to take any and all actions and execute any and all documents as may be reasonably required by any of them to give effect to the purposes and intent of this Settlement Agreement.

7. Any dispute over the Settlement Agreement shall be determined solely by the Bankruptcy Court in this Bankruptcy Case.

8. Each of the Parties acknowledges and represents having had the opportunity to be fully advised by an attorney of all rights and responsibilities under this Settlement Agreement and has read, knows, and understands completely the contents hereof, and has voluntarily executed the same.

9. Each of the Parties further hereby acknowledges having had input into the drafting of this Settlement Agreement or, alternatively, having had an opportunity to review this Settlement Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Settlement Agreement and the expressed intent of the Parties.

10. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed as original, but all of which taken together shall constitute one and the same instrument.

11. This Settlement Agreement contains the entire, final, complete and exclusive agreement between the Parties relating to the subject matter contained

{02965029-1 }

herein. There are no other representations, agreements, arrangements or understandings, oral or written, between the Parties relating to the subject matter contained herein which are not fully expressed herein.

STIPULATED AND AGREED to this 8 day of April, 2025.

| TAYLOR ENGLISH DUMA LLP | BECKET & LEE LLP |
|---|---|
| *Attorneys for S. Gregory Hays,* | *Attorneys for American Express* |
| *Chapter 7 Trustee* | |
| By: */s/ Neil C. Gordon* | By: */s/ Kenneth W. Kleppinger* |
| Neil C. Gordon | Kenneth W. Kleppinger |
| Georgia Bar No. 302387 | *(Signed by Neil C. Gordon with "express permission" granted on April 8, 2025.)* |
| 1600 Parkwood Circle, SE | Pennsylvania Bar No. 79083 |
| Suite 200 | 16 General Warren Boulevard |
| Atlanta, Georgia 30339 | Post Office Box 3001 |
| Tel: (404) 640-5917 | Malvern, Pennsylvania 19355 |
| Email: ngordon@taylorenglish.com | Tel: (610) 644-7800, Ext. 2242 |
| | Email: kkleppinger@becket-lee.com |

{02965029-1 }

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing *Motion for an Order Approving Compromise and Settlement Between Trustee and American Express Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

American Express
c/o Kenneth W. Kleppinger, Esq.
Becket & Lee LLP
16 General Warren Boulevard
Post Office Box 3001
Malvern, PA 19355

Will B. Geer
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

Matthew Ryan Stucke
12902 Donegal Lane
Milton, GA 30004-8104

This 14th day of April, 2025.

/s/ Neil C. Gordon
Neil C. Gordon
Georgia Bar No. 302387

02966728-1